**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------------X
RACHEL SKLAR,

                Plaintiff,

          -against-

SONYA HAYDEN and MATTHEW LOWY

                Defendant.
----------------------------------------------------------------------X

Civil Action No.:

**COMPLAINT AND**
**<u>DEMAND FOR JURY TRIAL</u>**

       Plaintiff Rachel Sklar ("Sklar" or "Plaintiff"), by and through her attorneys, The Roth Law

Firm, PLLC, brings this action against Defendants Sonya Hayden and Matthew Lowy

(collectively, "Defendants") and hereby allege as follows:

## <u>PRELIMINARY STATEMENT</u>

       This case is about a group of three writers who partnered together to create the musical,

"Taking Off!" ("Taking Off") in 2019. Two of the three writers (Defendants) have acted

maliciously to exclude the other, Plaintiff Rachel Sklar, from credit for the musical and have

usurped all credit for themselves, despite having filed a copyright registration in which they

acknowledge that Taking Off is a joint work. Plaintiff has been damaged, she has been denied

the credit, money, and opportunities that come with having created a brilliant musical.

## <u>PARTIES</u>

      1.     Plaintiff Rachel Sklar ("Sklar") is a citizen of Canada currently residing in New

York, New York. Sklar is an award-winning journalist for an array of national publications, and a

prior contributor to President Barack Obama's White House Correspondents Dinner speeches.

      2.     Defendant Sony Hayden is a citizen of New York with an address at 102 W 73rd

St., Apt. 2A, New York, NY, 10023.

3.      Defendant Matthew Lowy is a citizen of New York with an address at 100 Woodruff Ave, Apt. 1P, Brooklyn, NY, 11226.

## JURISDICTION AND VENUE

4.      The court has jurisdiction over the subject matter of this action under 28 U.S.C. 1338 § (a) because this action arises under the Copyright Act of 1976, 17 U.S.C § 101 et. seq.

5.      This court has personal jurisdiction over each of the defendants because they are citizens of New York and the underlying work was created in New York, New York.

6.      Venue is proper in this Judicial District pursuant to 28 U.S.C 1391(b), 1391(c) and 1400(a) because the underlying events occurred in this judicial district.

## FACTUAL BACKGROUND

7.      Sklar, Hayden and Lowy met at the New York Public Library for Performing Arts ("NYPLA") at the Summer Musical Theater Program at Lincoln Center in July 2019.

8.      After meeting at the NYPLA, Sklar, Hayden and Lowy partnered to jointly create the dramatic work, Taking Off in 2019, including the book, music, and lyrics. Skar, Hayden and Lowy each contributed their skill and time to create Taking Off.

9.      The title, Taking Off, was coined by Sklar as a reference to the plot of Taking Off, wherein a stewardess misses a flight, a replacement stewardess must fly the plane and falls in love with the jewelry thief who is on board to steal a diamond ring from a passenger. The title, Taking Off, suggested by Sklar, is a play on taking off in a plane, taking off from work, and taking off in life and love.

10.      Sklar was the book writer/librettist, Hayden was the lyricist, and Lowy was the composer.

11.    Sklar developed the plot from her encyclopedic knowledge of Broadway productions. Sklar recalled that in the Stephen Sondheim musical "Company," from 1970 there is a flight attendant named April who, at the last minute, skips going on her flight to Barcelona in order to stay with a man. Sklar set Taking Off on the flight that April missed. A new stewardess must replace April on the flight full of wacky characters and fly the plane, falling in love with the jewel thief in the process.

12.    On or about Sept. 23, 2019, Plaintiff Sklar completed the first draft of the book to Taking Off, creating the narrative structure around the songs provided by Defendants Hayden and Lowy.

13.    On Sept. 28, 2019, the Parties put on a reading of Taking Off at the NYPL-PA at Lincoln Center's Bruno Walter Auditorium to an enthusiastic audience response and excellent feedback from a panel of industry judges, including playwright and composer Michael John LaChiusa, who approvingly called it "so stupid." The Parties expressed delight and pride in their creation and excitement to continue working on the project together.

14.    Sklar, Hayden and Lowy are all members of the BMI Workshop. The BMI Workship is widely regarded as the premiere training ground for the next generation of musical theater creators.

15.    On May 10, 2021, June 7, 2021, November 15, 2021, and December 6, 2021, the Parties presented new and revised scenes and songs at the BMI Workshop including "Taking Off," "Oops-A-Daisy," "Keep Your Head Out of the Clouds," and "Diamond or Die" that they were participating in.

16.     On November 19, 2021, Sklar, Hayden and Lowy met to expand Taking Off to a full length musical and completed an extremely detailed treatment of the full length musical (the "Treatment").

17.     The Treatment was recorded in a shared Google Doc.

**Hayden Registers the Copyright in Taking Off as a Joint Work By Sklar**

18.     The copyright in Taking Off was registered with the United States Copyright Office, with Copyright Registration Number PAU004192773 on July 2, 2023 ("733 Registration").

19.     The 733 Registration was prepared by Hayden and identifies the authors of Taking Off as Sklar, Hayden and Lowy.

20.     At all times Sklar, Hayden and Lowy intended that Taking Off was a joint work between them and that its success and failures, including profits and losses, would be shared as partners.

**Hayden & Lowy Fail to Identify Sklar as an Author**

21.     In 2025, Hayden and Lowy caused Taking Off to be performed at Michigan State University and featured in the NAMT 37th Annual Festival of New Musicals' College Road Trip program without crediting Sklar as a co-author.

22.     Taking Off as performed in 2025 is the same plot and has the same characters as the joint work created by Sklar, Hayden and Lowy – a replacement stewardess must fly the plane and falls in love with a jewel thief who is on the plane to steal a diamond from another passenger.

23.     Sklar created "the book" (the entire storyline) for the Taking Off and has been wrongfully deprived of the credit, goodwill, and revenue for the show that the partnership created.

### Hayden Files Additional Copyright Registrations

#### *The '450 Registration*

24.     On July 15, 2023, Hayden and Lowy filed a copyright registration, Pau4189450 for Taking Off (full-length musical) that does not identify Sklar as an author (the "450" registration.").

25.     The 450 registration claims copyright by Hayden and Lowy in "music, lyrics, musical arrangement, text" and excludes pre-existing material identified as "music, lyrics, musical arrangement, text."

26.     The 450 registration does not identify what is the new "music, lyrics, musical arrangement, text" claimed by Hayden and Lowy.

27.     The partnership kept their work, including this "new material" on a shared Google Doc account that Hayden and Lowy surreptitiously locked Sklar out of.

28.     Sklar has asked Hayden and Lowy for access to the shared Google Doc but Hayden and Lowy have refused to provide her access in bad faith and even though the materials in that Google Doc were co-created by Sklar.

#### *The PAu '346 Registration and '776 Supplement*

29.     In 2022, Hayden secretly filed a registration, Pau4150346that identified herself as the owner of "all other text and lyrics" in (1) The Sky Is the Limit; (2) Taking Off; (3) Diamond or Die; (4) Impeccable Perfection; (5) Oops-a-Daisy; (6) Occupied; (7) There's Something Fishy Going On; (8) Keep Your Head Out of the Clouds; (9) Cecelia (Thethelia).

30.     The '766 registration excluded "all other text and lyrics" which were not identified.

31.     Upon information and belief, the vagueness of the '766 registration prompted an inquiry from the Copyright Office.

32.     In response to the Copyright Office inquiry, Hayden filed a supplemental registration, Pau4-192-776 that identified "the material should be excluded is text and lyrics from a 2019 joint work short musical that was coauthored (and is co-owned) by me and two other authors. In terms of the other remaining material in the registration, I am the sole owner of all other text and lyrics in this 2022 work."

33.     Contrary to Hayden's claim, Sklar is a joint author and co-owner of the text and lyrics in the 2022 work, including "Sky Is the Limit," "Taking Off" "Diamond or Die," "Oops a Daisy," "Keep Your Head Out of the Clouds," and "Cecelia (Thethelia)" identified in the '346 Registration, as all of that material was part of the 2019 work or created in the partnership and presented or workshopped with Sklar at BMI as part of expanding Taking Off into a full length musical, and Hayden improperly excluded Sklar from the copyright registration in this work.

## FIRST CLAIM FOR RELIEF

## DEFAMATION

34.     Plaintiff repeats, reiterates, and re-alleges each allegation set forth above with the same force and effect as though fully set forth herein.

35.     Upon information and belief, Taking Off was performed at the Princeton-Triangle New Musical Workshop on or about April 30-May 4, 2025, in which Defendants credited Taking Off solely to Defendants as authors and excluded Sklar.

36.     In addition, Taking Off was performed at the Winter Park Playhouse in Florida on June 19-21, 2025, in which Defendants again credited Taking Off as follows: Book and lyrics by Sonya Hayden, Music by Matthew Lowy.

37.    Taking Off was also performed at the Pasant Theater on September 19-21, 2025, in which Defendants credited Taking Off as follows: Book and lyrics by Sonya Hayden, Music by Matthew Lowy.

38.    On August 29, 2025, Hayden and Lowy filmed a promotional video on Facebook for upcoming performances of Taking Off at Michigan State University in which they state: "I am Sonya. I am Matt. And we are the writers of Taking Off."

39.    For these performances, Taking Off was credited solely to Defendants as authors and excluded Sklar.

40.    In addition, in 2025 Defendants caused their names to be nominated for awards for Taking Off including the Circle In The Square Emerging Artist Residency (finalist) and O'Neill National Music Theater Conference (semi-finalist) and upon information and belief, National Alliance of Musical Theater Conference, without including Sklar as an author.

41.    Defendants' failure to credit and/or identify Plaintiff as an author of Taking Off was a false statement by Defendants causing her reputation harm.

42.    Plaintiff is entitled to damages in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
## BREACH OF FIDUCIARY DUTY

43.    Plaintiff repeats, reiterates, and re-alleges each allegation set forth above with the same force and effect as though fully set forth herein.

44.    Plaintiff and Defendants were joint venturers who owed each other a fiduciary duty with respect to Taking Off.

45.    Defendants breached their fiduciary duty by appropriating all of the benefits and credit of Taking Off for themselves and to the exclusion of Plaintiff.

46.    Plaintiff has been damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

## BREACH OF IMPLIED CONTRACT

47.     Plaintiff repeats, reiterates, and re-alleges each allegation set forth above with the same force and effect as though fully set forth herein.

48.     Plaintiff and Defendants had an agreement to be joint venturers, to share profits and losses from Taking Off.

49.     Sklar invested her time and connections to the creation, performance and promotion of Taking Off.

50.     Sklar was never paid for any of her contributions, nor were Defendants, as they all agreed and understood that they were creating Taking Off together and would share in its success and failures together.

51.     Defendants breached the implied contract by not sharing in the profits and other benefits of Taking Off and excluding Sklar from any credit.

52.     It is industry custom that all authors of a work are credited on any billing, marketing or award nominations.

53.     Sklar has been damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

## UNFAIR COMPETION (MISAPPRIATION)

54.     Plaintiff repeats, reiterates, and re-alleges each allegation set forth above with the same force and effect as though fully set forth herein.

55.     Defendants have misappropriated and unfairly exploited the skill, expenditure and labor of Sklar, including all good will enjoyed by Sklar as joint author of Taking Off.

56.     Defendants took over all credit for Taking Off to the exclusion of Plaintiff.

57.    Defendants have done so in an unethical way and misappropriated authorship of Taking Off for themselves, and have misappropriated all award nominations, credit, billings and revenues and thereby neutralized a commercial advantage that Plaintiff achieved through honest labor.

58.    Plaintiff has been damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION
### ACCOUNTING

59.    Plaintiff repeats, reiterates, and re-alleges each allegation set forth above with the same force and effect as though fully set forth herein.

60.    Sklar is a joint author of Taking Off.

61.    Joint authors have a duty to account to each other for any monies received or other benefits received from the use of their work.

62.    Defendants have profited monetarily and through goodwill, including award nominations, that have not been shared with Sklar.

63.    Sklar is entitled to an accounting of all benefits, financial or otherwise, received by Defendants from Taking Off.

## SIXTH CAUSE OF ACTION
### CONVERSION

64.    Plaintiff repeats, reiterates, and re-alleges each allegation set forth above with the same force and effect as though fully set forth herein.

65.    Plaintiff has a possessory right or property interest in the dramatic work, Taking Off.

66.    Defendants have intentionally exercised dominion or control over the property, interfering with Plaintiff's rights.

67.     Defendants interference with Plaintiff's property rights was unauthorized by Plaintiff.

68.     Plaintiff is entitled to damages in an amount to be determined at trial.

## SEVENTH CAUSE OF ACTION
## DECLARATION OF COPYRIGHT OWNERSHIP

69.     Plaintiff repeats, reiterates, and re-alleges each allegation set forth above with the same force and effect as though fully set forth herein.

70.     Plaintiff is the co-author and co-owner of the lyrics and text in "Sky Is the Limit," "Taking Off" "Diamond or Die," "Oops a Daisy," "Keep Your Head Out of the Clouds," and "Cecelia (Thethelia)" claimed by Hayden in the '346 (as supplemented) registrations.

71.     Plaintiff was wrongfully excluded from this registration.

72.     In addition, Defendants' '450 registration is so vague that Sklar cannot determine what work(s) she has not been credited as a co-author and it should be corrected and/or clarified on that basis so that Sklar's copyrights are clear.

73.     Plaintiff seeks a declaration of copyright ownership of these registrations and an order from the court compelling her addition to these registrations or in the alternative the cancellation of the '450, '346 (as supplemented) registrations and any other registration by Hayden or Lowy that fails to identify Sklar as a joint author of Taking Off.

## EIGHTH CAUSE OF ACTION
## INJUNCTIVE RELIEF

74.     Plaintiff repeats, reiterates, and re-alleges each allegation set forth above with the same force and effect as though fully set forth herein.

75.    Plaintiff seeks an injunction enjoining Hayden and Lowy from failing to credit Sklar as co-author of the Taking Off in any marketing materials, production, advertising, interviews, award nominations, and the like.

76.    Plaintiff is entitled to the injunctive relief requested herein.

## Prayer for Relief

WHEREFORE, Plaintiff, by her attorneys The Roth Law Firm, PLLC, respectfully request that judgment be entered against Defendants Sonya Hayden and Matthew Lowy as follows:

A.    For a Declaration that Plaintiff is a co-author of Taking Off, including those performances and award nominations caused by Defendants in 2025 for which Plaintiff was not credited;

B.    For a Declaration that Plaintiff is a co-owner of the copyrights in connection with Taking Off registered by Defendants;

C.    For judgment assessing Defendants for the damages suffered; and

D.    For judgment entering a preliminary and permanent injunction enjoining and restraining Defendants and their officers, agents, servants, employees and attorneys and all those in active concert or participation with them, from excluding Plaintiff as an author of Taking Off.

E.    For judgment granting such other, further, and different relief as to the Court may seem just and proper, including Plaintiff's costs and reasonable attorneys' fees.


DATED:        New York, New York
              January 19, 2026

                              THE ROTH LAW FIRM, PLLC


                              By: /s/ Brian Levenson
                                   Brian Levenson
                              295 Madison Avenue, 22nd Floor
                              New York, New York 10017
                              (212) 542-8882

                              *Attorneys for Plaintiff*