**MEMO ENDORSED**
**PAGE 6**

October 5, 2026

104 West 40th Street, 4th Floor
New York, NY 10018

(212) 597-2255
firegreenlaw.com

FIRESTONE GREENBERGER

Callie J. Kramsky, Esq.
ck@firegreenlaw.com

VIA ECF
Hon. Jennifer H. Rearden
U.S. District Court, S.D.N.Y.

Re: *Sklar v. Hayden et al.*, No. 1:26-cv-00479

Your Honor,

I represent defendants Sonya Hayden and Matthew Lowy ("Defendants"). Pursuant to Rules 3.C and 5.A of Your Honor's Individual Rules and Practices in Civil Cases, Defendants respectfully submit this letter-motion requesting an informal conference concerning Defendants' request for an order staying discovery pending resolution of Defendants' Rule 12(b)(6) motion to dismiss, which was filed on September 29, 2026,[1] and adjourning *sine die* related dates (e.g., the October 16, 2026 initial conference and related submissions). The parties engaged in a good faith meet-and-confer process that proved unsuccessful; on October 2, 2026, Plaintiff and Defendants' attorneys emailed and had a telephone conversation about Defendants' request and Plaintiff's counsel did not consent.

Courts in this District consider three principal factors in determining whether to stay discovery pending resolution of a motion to dismiss: "(1) the breadth of discovery sought (and the burden of responding to it), (2) the strength of the underlying motion, and (3) the risk of prejudice to the party opposing the stay." *Psychic Readers Network, Inc. v. A&E Tel. Networks LLC*, No. 24-CV-8155 (DEH), 2025 WL 1380956, at *1 (S.D.N.Y. May 13, 2025); *see also*

[1] Plaintiff's opposition is due October 29, 2026, and Defendants' reply is due November 12, 2026 [Dkt. No. 24].

*O'Sullivan v. Deutsche Bank AG*, No. 17-CV-8709 (LTS) (GWG), 2018 WL 1989585, at *3-4 (S.D.N.Y. Apr. 26, 2018); *Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002). Each factor weighs in favor of a stay here.

First, Defendants' pending motion presents substantial arguments for dismissal and, if granted, could dispose of or substantially narrow the claims and issues requiring discovery. In determining whether a stay is appropriate, courts need not determine that the pending motion is certain to succeed; rather, courts consider whether the motion presents "substantial arguments for dismissal." *O'Sullivan*, 2018 WL 1989585, at *4.

Here, Defendants' motion presents substantial arguments for dismissal of Plaintiff's claims that she is a joint author and owner of all versions of *Taking Off!*, including the full-length version. *See Dkt. No. 28*. Specifically, Defendants' motion demonstrates that under basic principles of copyright law, Plaintiff's joint authorship of the original 20-minute musical does not confer ownership rights in the later-created versions. 17 U.S.C. § 103(b); *Weissmann v. Freeman*, 868 F.2d 1313 (2d Cir. 1989). According to her own allegations, Plaintiff voluntarily ceased making any copyrightable contributions in February 2022 and therefore she is not a joint-author or joint owner of the full-length version of *Taking Off!* Instead, Plaintiff's rights are limited to economic rights in the original 20-minute version of *Taking Off!* in which she participated in the writing process, and with respect to those rights it is well established under Second Circuit law that she is a tenant in common with Defendants. 17 U.S.C. § 201(a); *Davis v. Blige*, 505 F.3d 90, 98 (2d Cir. 2007); *Thomson v. Larson*, 147 F.3d 195, 199 (2d Cir.1998). As tenants in common, Plaintiff cannot preclude Defendants from exploiting the 20-minute version of *Taking Off!* (e.g., from preparing and performing derivative works, and registering those

works with the Copyright Office); as tenants in common, Defendants have no duties to Plaintiff other than a very limited duty to account to her relating to the 20-minute version of the musical. Defendants' other claims fare no better. For example, Plaintiff seeks an order cancelling or amending certain copyright registrations but it is well settled that the Court lacks authority to do so. *Brownstein v. Lindsay*, 742 F.3d 55, 75 (3d Cir. 2014); *Pastime LLC v. Schreiber*, 705 F. Supp. 3d 95, 100 (S.D.N.Y. 2017). Plaintiff also has no cognizable right to attribution under the Copyright Act (17 U.S.C. § 106; *UMG Recordings, Inc. v. Disco Azteca Distribs., Inc.*, 446 F. Supp. 2d 1164 (E.D. Cal. 2006)). Plaintiff's state-law claims are preempted or otherwise fail to state a claim (and absent federal claims, the Court should decline to exercise supplemental jurisdiction over any remaining state law claims). Thus, resolution of the motion is likely to eliminate the need for discovery altogether or, at minimum, substantially narrow its appropriate scope.

Second, proceeding with discovery before resolution of the motion would risk imposing unnecessary costs and burdens on the parties, which is especially significant in a copyright case where fee shifting may be awarded (17 U.S.C. § 505). Where a potentially dispositive motion presents substantial grounds for dismissal, requiring discovery to proceed in the interim will unnecessarily expend the parties' resources. *See Spencer Trask*, 206 F.R.D. at 368.

Indeed, courts in this District have stayed discovery under similar circumstances in copyright actions. In *Psychic Readers Network*, the court stayed discovery pending resolution of a motion to dismiss copyright and related claims where discovery would require a significant amount of time and energy and the pending motion presented substantial arguments for dismissal. 2025 WL 1380956, at *1-2. Similarly, in *Spinelli v. National Football League*, the court found that the complexity of the copyright claims and corresponding breadth of discovery

weighed in favor of a stay, particularly because resolution of the pleadings could simplify and narrow subsequent discovery. No. 13 Civ. 7398 (RWS), 2015 WL 7302266, at *2-3 (S.D.N.Y. Nov. 17, 2015).

The circumstances here also differ materially from those in *Dance Theatre of Harlem, Inc. v. ChromaDiverse, Inc.*, No. 25-CV-2978 (RA) (VF), 2025 WL 2102297, at *3 (S.D.N.Y. July 26, 2025), a declaratory judgment action concerning copyright ownership in which the court declined to stay discovery because discovery concerning ownership would be necessary regardless of the outcome of the pending motion. There, the defendants did not challenge the merits of the copyright claims in their motion to dismiss, but instead sought to transfer those claims to a California court. *Id.* Here, by contrast, Defendants seek dismissal of Plaintiff's copyright ownership claims at the pleading stage, such that resolution of the motion could eliminate the need for discovery concerning the parties' competing claims of copyright ownership altogether.

Here, substantive discovery has not yet begun. Requiring the parties to formulate and undertake discovery concerning claims that are presently subject to a potentially dispositive motion would create precisely the type of unnecessary expenditure that a stay is intended to avoid. Even if Defendants' motion does not dispose of the action in its entirety, the Court's decision may substantially clarify the issues that remain and thereby narrow the scope of discovery.

Third, Plaintiff will suffer no cognizable prejudice from a temporary stay. This action remains at an early stage, and Defendants are unaware of any time-sensitive discovery that risks being lost while the motion is pending. Courts in this District have recognized that "the passage of a reasonable amount of time, without any other form of attendant prejudice," does not itself

constitute prejudice sufficient to defeat a discovery stay. *O'Sullivan*, 2018 WL 1989585, at *9; *see also Spencer Trask*, 206 F.R.D. at 368. Nor should Defendants be penalized for any "delay" that resulted from the parties' inability to reach a resolution in connection with the court-ordered mediation.

Finally, staying discovery also warrants adjourning the October 16 initial pretrial conference and the associated October 9 submissions. Your Honor's Individual Rules contemplate that the parties' proposed Case Management Plan and joint letter will establish the schedule for discovery and other pretrial proceedings. Because resolution of Defendants' motion may determine which claims and issues, if any, remain subject to discovery, requiring the parties to conduct a Rule 26(f) conference, formulate a discovery schedule, prepare the October 9 submissions, and attend the October 16 conference while discovery is stayed would undermine the efficiencies served by the requested stay. If any claims remain following resolution of Defendants' motion, the parties can promptly meet and confer and submit a Case Management Plan addressing the claims actually remaining in the action.

Accordingly, Defendants respectfully request an informal conference and order (1) staying discovery pending resolution of Defendants' motion to dismiss; (2) adjourning the October 16, 2026 initial pretrial conference *sine die*; and (3) relieving the parties of the October 9, 2026 deadline to submit their joint letter, Case Management Plan, and proposed Scheduling Order, with those obligations to be rescheduled following resolution of the motion to dismiss should any claims remain. We thank the Court for its consideration.

Respectfully,

/s/ Callie J. Kramsky
Callie J. Kramsky, Esq.

Cc: Plaintiff's counsel (via ECF)

Defendants' request to stay discovery pending resolution of their motion to dismiss, ECF No. 29, is denied without prejudice to renewal. In evaluating a request to stay discovery, the Court must consider, among other factors, "the strength of the underlying motion." *K.A. v. City of New York*, No. 16 Civ. 4936 (LTS), 2022 WL 3996710, at *2 (S.D.N.Y. Sept. 1, 2022). At this juncture, only the opening papers in support of Defendants' "underlying motion," *id.*, dated September 29, 2026, have been filed. Defendants may renew their stay application after the motion to dismiss has been "fully briefed." *Neuropublic S.A. v. Ladas & Parry LLP*, No. 24 Civ. 4156 (JPO) (S.D.N.Y. Sept. 19, 2024), ECF No. 17 (denying Defendant's request for a stay of discovery without prejudice to renewal). Prior to Defendants doing so, however, the parties shall meet and confer, with the benefit of full briefing, for a minimum of 30 minutes (in person or by telephone or virtual conference—not email) regarding the extent to which any discovery during the pendency of Defendants' motion to dismiss is agreeable to both sides. The October 16, 2026 initial pretrial conference, as well as the October 9, 2026 deadline for the parties to file their joint letter, case management plan, and proposed scheduling order, are adjourned *sine die*.

The Clerk of Court is directed to terminate ECF No. 29.

SO ORDERED.

Jennifer H. Rearden

Jennifer H. Rearden, U.S.D.J.

Dated: October 7, 2026